TINA TOBE, Appellant, v. GEORGE TOBE, Respondent.— Order discharging defendant from custody affirmed, without costs. No opinion. Order dismissing action for failure to prosecute reversed on the law and the facts and motion to dismiss denied upon condition that within five days from the entry of the order herein appellant file a stipulation consenting to the entry of an order providing that respondent be relieved from the payment of all arrears of alimony to date and reducing the amount required to be paid hereafter, under the order directing payment of forty-five dollars a week, to the sum of fifteen dollars a week, and upon the further condition that appellant bring the action to trial at the October, 1933, term, for which term the case is set down for trial with the consent of the trial justice; otherwise, order affirmed, without costs. No opinion. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

SARAH M. TROY, as Administratrix, etc., of JAMES TROY, Deceased, Respondent, v. ROBERT A. MADDOCKS, Appellants, and JOHN MADDOCKS, Defendant.*— Order granting writ of inquiry to assess damages upon condition affirmed, with ten dollars costs and disbursements. Order denying appellant's motion to dismiss complaint affirmed, with ten dollars costs and disbursements, with leave to appellant to answer within ten days from service of a copy of the order herein. No opinion. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur.

JULIA UNGAR and SALAMON M. UNGAR, Appellants, v. SOL WOLPOW, Respondent. — Order granting leave to defendant Sol Wolpow to serve an amended answer and bringing in a party defendant affirmed, wth ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

ANDREW F. VAN THUN, JR., Respondent, v. THE EVERGREENS, a Domestic Corporation, Appellant.— Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. By the order under review this case was struck from the calendar of the jury causes on the ground that the defendant had failed to comply with the provisions of section 426 of the Civil Practice Act by failing to serve its demand for a jury trial within twenty days after the day of service of the notice of trial by the plaintiff. Plaintiff's notice of trial was served upon the defendant by mail. At the time of the service of the demand by defendant twenty-two days had elapsed since the service of the notice of trial. We are of opinion that, under the provisions of sections 426 and 164 of the Civil Practice Act, the service in behalf of the defendant, of the demand for a jury trial was timely. Lazansky, P. J., Young, Kapper, Hagarty and Scudder, JJ., concur.